The Chancellor.
The defendants plead the pendency of another suit between the same parties, and involving the same equity as the present suit. There was something said, on the argument, as to the practice where such a plea is interposed. The defendants noticed their plea for argument, supposing they were bound to do so by the statute, which directs that when a plea or demurrer shall be filed, it shall be the duty of the party pleading or demurring to set it down for argument at the next term, or in default thereof, the said plea or demurrer shall be overruled of course. Nix. Dig. 91, § 23. The plea was properly set down by the defendants. If the complainant desired to deny the facts stated in the plea, he had thirty days, from the expiration of the time allowed for filing the plea, to file a replication. If he considered the plea good in form, and did not desire to take issue upon the facts, then the complainant was at liberty to take a reference to a master. There being nothing then to be done in such case, except to ascertain the simple fact, whether both suits are for the same matter, it is according to the usual practice of the court to take a reference to the master for that purpose. The complainant not having replied, or taken a reference within the time allowed him by the statute, the defendants were bound to set the plea down for argument, and take the judgment of the court upon it. As there can be no doubt but that a plea of the pendency of another suit is a good plea, the only question for the court to determine, when the plea is thus set down, is, whether the plea is good in point of form. If it is, then the complainant may still reply, if he desires, or he may take a reference to a master to ascertain the fact upon which the plea stands.
*131 There is only one objection to the form of this plea, that it does not aver that the present suit is for the same subject matter as the first. The plea states all the facts which tend to show it, but does not contain the express averment.
In Devie v. Lord Brownlow, 2 Dick. 611, there was a plea of a former suit depending. The Lords Commissioners said, the pleading a former suit for the same matter, and stating the pleadings and proceedings, and that the matter is still depending, is not sufficient, except there be an averment that the present and former suit are for the same matter: and the plea was overruled. Mitford’s Pl. 197, says, the plea must aver that the second suit is for the same matter as the first, and the case in Dickens is referred to. The same rule is laid down in Beam’s Pleas in Eq. 136, with the same authority to sustain it; and so in Cooper’s Eq. Pl. 272. There is no reason given by the court in Dickens, nor by any of the elementary authors referred to, why such averm,ent is necessary when the plea states all the facts upon which such an averment can be founded. There is reason for the. court’s requiring great accuracy in the plea; for, as was said in Roche v. Morgell, 2 Scho. & Lef. 725, if a plea is allowed, nothing remains in issue between the parties, so far as the plea extends, but the truth of the matter pleaded. The allowance., of a plea is as complete a judgment against the claims of the complainant as could be given on the most solemn and deliberate hearing of the cause on the pleadings and proofs, provided the truth of the plea can be established by evidence. It is a matter, therefore, .not of mere form but of substance, that every fact should be shown which is necessary to make the plea a good one. It is necessary, in order to make a plea of another suit pending a good plea, that it should appear by the plea that the second suit is for the same subject matter as the first. But I can see no reason why, if the facts stated in the plea plainly show this to be so, it should be held ne *132 ■eeseary that there should he an express averment to that effect. It would be accurate and correct pleading to make the averment, but accuracy may demand what is not required as absolutely necessary. The courts are not as much inclined to regard mere .technicality in pleading as they were three quarters of a century ago. I think this plea is good in form.
There is nothing further to be done than to ascertain the simple fact, whether both suits are for the same matter. This is to be done by an examination of the proceedings in the former suit. For this purpose, as I have stated, the correct practice is a reference to a master.
On the argument before me, the main question argued was, (which is properly one for the master) whether both suits are the same; and the proceedings of the former suit were produced and referred to.' I will not, therefore, delay the parties by putting them to a reference, especially as either party might, by an exception to the master’s report, bring the same question before me as is now presented for my decision.
Upon an examination of the proceedings in the former suit, I think the plea should be sustained. One of the objects of the first suit was to give this complainant the same relief which he is seeking in this suit, to wit, the sale of the mortgaged premises to satisfy his mortgage. The result of the first suit will determine what rights the present complainant has under his mortgage, and will give him the same decree he is seeking in the present suit. The result in both suits is the same, as far as the complainant is concerned. The same issues are joined in the former suit which will be joined in this, if this suit proceeds; and those issues have been partially tried.
The plea is sustained.